C. H. GIPSON ET AL. v. R. E. MORRIS ET AL.

Decided March 20, 1903.

**1.—Religious Societies—Baptist Church—Majority Rule.**

Where an independent religious society has a congregational form of government and owes no fealty or obligation to a higher authority, the will of the numerical majority of the members will control as to all matters of church government and the use of the church property.

**2.—Same—Rights of Majority.**

Where a division occurs at a regular meeting of such church which leads to separation into two distinct bodies, their rights must depend on which had a majority at the time of the division, unless by the rules governing the church the majority failed to assert its right to control the meeting in the proper manner or at the proper time.

**3.—Same—Parliamentary Rules—Presumption.**

It will not be presumed as a matter of law that such a church or society is governed in its deliberations by the commonly accepted parliamentary rules, though there is no showing that it has adopted any other rules.

**4.—Same—Announcement of Vote—Fraud.**

The rule that the announcement by the presiding officer of the result of a viva voce vote is conclusive, unless a division or a call of the vote is demanded, does not apply in favor of a false and fraudulent announcement, clearly contrary to the actual result.

**5.—Same—Excluded Member—Right to Vote.**

Where the fellowship of such a church has been withdrawn from a member at a regular meeting, he is no longer a member, and is not entitled to vote.

Appeal from the District Court of Shelby. Tried below before Hon. Tom C. Davis.

*Bryarly & McKnight* and *E. H. Carter,* for appellants.

*Blount & Garrison,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—Appellees brought this suit to restrain appellants from interfering with the possession and control by appellees of the property belonging to the First Baptist Church of Timpson. The evidence shows that a division in the First Baptist Church of Timpson occurred at a regular meeting of the church conference held on the 2d day of May, 1901, since which time there have been two factions in the membership of said church, each faction claiming to be the First Baptist Church of Timpson. The appellants are the representatives of one of these factions and the appellees of the other. The division occurred under the following circumstances:

At a regular meeting of the church conference held on Thursday before the first Sunday in April, 1901, the fellowship of the church was withdrawn from appellant Gipson, he having been found guilty upon charges regularly preferred against him of violating the rules of the church. At the next meeting of the church conference held on May 2, 1901, the minutes of the previous meeting were read and the moderator

asked if there were any objections to said minutes. One of the members objected to the minutes on the ground that they were unscriptural. The moderator ruled that no such objection could be sustained, as the only question upon the adoption of the minutes was whether they correctly recorded the proceedings of the previous meeting. From this ruling the member who had made the objection appealed, but the moderator ruled that the appeal was out of order, refused to put the question, and declared the minutes adopted. After considerable disorder the meeting resumed a consideration of the regular order of business, and disposed of the various matters that were brought before it. When the subject of new business was reached in order of business one of appellants, Tom Reed, moved that the majority then present declare nonfellowship for every one who had voted to exclude the appellant, C. H. Gipson. This motion was ruled out of order by the moderator, but Mr. Reed insisted upon its being voted upon. The conference, on motion duly made and seconded, sustained the moderator and refused to consider the Reed motion. Several other motions were then offered by the friends of Gipson, none of which were put by the moderator to a vote of the conference. After another scene of disorder a motion to adjourn was made, and on a viva voce vote by the conference, the moderator declared the motion carried and adjourned the meeting. No division was called for, but the friends of Gipson protested against the action of the moderator in declaring the motion carried and adjourning the meeting. The Gipson faction remained in the church after the moderator had declared the meeting adjourned, and reorganized the meeting by electing a new moderator and a new clerk. After some discussion they adjourned until the following week when they again held a meeting and effected a church organization, which they claim is the First Baptist Church of Timpson. The appellants are the representatives of this organization, and the appellees are the officers and representatives of the old organization.

The evidence is conflicting on the issue as to whether a majority of the members of the church present at the meeting of May 2d voted with the appellees in favor of the motion to adjourn, or with the appellants against said motion. There is no evidence that the church had adopted any parliamentary rules for conducting business, nor is there any evidence of what are the parliamentary rules generally observed by deliberative bodies. The First Baptist Church of Timpson is an independent religious society having the congregational form of church government, and owes no fealty or obligation to any higher authority. Such being the character of the church, it follows that the will of the numerical majority of its members must determine the action of the church upon all questions of church government, and control the use of the property of the church. When a division occurs in an organization of this character during a regular meeting of such organization, which leads to a separation into distinct and conflicting bodies, the rights of such bodies must depend upon which of the two had a majority of the

members of the original organization at the time of the division, unless by the rules governing the method of transacting business adopted by the organization, the majority failed to assert its right to control such meeting in the proper manner or at the proper time. Watson v. Jones, 80 U. S., 679; First Baptist Church v. Fort, 93 Texas, 215, 54 S. W. Rep., 892; First Baptist Church v. Fort, 55 S. W. Rep., 409; Gipson v. Morris, 28 Texas Civ. App., 555, 4 Texas Ct. Rep., 592.

When the First Baptist Church of Timpson met in regular conference on the 2d of May, 1901, no division had occurred in said church, and the right to determine all questions of church government, and also the right to the possession of the church property, was vested in the membership of said church then present, the exercise of such rights by the church being subject to the will of the majority of the members present properly expressed. If at that meeting a majority of the members present voted in favor of the motion to adjourn, the adjournment ended the meeting as a conference of the First Baptist Church of Timpson, and the action of the minority in remaining in the building and reorganizing the meeting could not make the meeting, thus reorganized, a conference of the First Baptist Church of Timpson. Such reorganized meeting became a distinct and separate body from the First Baptist Church of Timpson, and, by refusing to recognize the governing authority of the majority of said church, forfeited all right to the possession and control of the church property. On the other hand, if a majority of the members present at the meeting of May 2d voted against the motion to adjourn, and the minority in disregard of the properly expressed will of the majority declared the meeting adjourned and left the building, the majority had the right to reorganize the meeting, and when so reorganized said meeting became a conference of the First Baptist Church of Timpson, and those persons belonging to the organization effected by said conference are members of and constitute said church and are entitled to the possession and control of the church property. A stream can not rise higher than its source, and no action of either of the bodies into which the church became divided on May 2, 1901, had subsequently to said date can affect the question as to which of said bodies constitutes the First Baptist Church of Timpson.

From what has been said it is clear that the only issue of fact raised by the pleadings and evidence which should have been submitted to the jury upon the trial in the court below was, which of the two contending factions in the church at the meeting held on May 2, 1901, comprised the numerical majority of the members of the church present at said meeting and voting upon the motion to adjourn. As before stated, the evidence upon this issue was conflicting, the evidence offered by each party supporting the contention that its side was largely in the majority. Such being the state of the evidence, the trial court at the request of plaintiffs gave the jury the following special instruction:

"You are instructed that every deliberative body or gathering of per-

sons is and of necessity must be governed by some rules governing its actions in the transaction of such business as may come before it. In event that such body has formulated or adopted a certain code of rules for such purpose, then their conduct of business must be governed by such rules as construed by such body in their discretion; and in event such body has not formulated or adopted a code or set of rules for its government, then the commonly understood and commonly accepted parliamentary rules governing deliberative bodies or assemblies must be looked to for such guide and government. In the case now on trial there is no evidence of the adoption by the First Baptist Church at Timpson of any code of rules for the government of its conference when in session, and therefore such conference, in the transaction of their business affairs, would be governed by common parliamentary rules as generally understood and accepted. The First Baptist Church in meeting assembled in conference at Timpson on May 2, 1901, was a deliberative body, met regularly and lawfully for the transaction of such business as might properly come before it, and R. E. Morris was the proper and legal presiding officer of such body. During the meeting of such deliberative body if a motion is made and seconded to adjourn, it is the duty of the presiding officer to put such motion to the assembly, and after the vote of such assembly is taken by viva voce vote, if any member present is not satisfied with the certainty of said vote as thus ascertained, he has the right to demand a division, or a rising vote, or a vote by roll call. But to secure this division and another vote by rising or roll call, he must make the demand for same before the presiding officer announces the result of the first ballot, and can not make such demand after announcement of the result of the first ballot by the presiding officer. And in event any member of such deliberative body so desires, he may, after the chair declares the result, appeal from the chair as to the result, and have a vote of the members on his said appeal from the ruling of the chair; and any action of any deliberative body stands as the same is declared to have been carried or not carried by the chairman unless rescinded by such assembly by vote of its members in the manner indicated, or by motion to reconsider, or at some subsequent meeting. Applying these principles, if you find that during the session of such conference on May 2d a motion to adjourn was made and voted on by viva voce vote, and there was no division demanded by any member, and the chairman or moderator declared the conference adjourned by a majority vote, and there was no appeal from such declared result, then such ruling of the moderator is binding on the assembly of the question of how the majority voted on the question of adjournment. And in the question of majority herein submitted to you, you may give to the vote as thus ascertained on adjourning, if you find it was thus ascertained, such weight as you think the same entitled to."

This assignment must be sustained. There is no evidence in the case tending to show that the First Baptist Church of Timpson had

adopted any rules governing the manner in which the deliberations of the church conference should be conducted, nor is there any evidence as to what are the commonly understood or commonly accepted parliamentary rules governing deliberative bodies. In the absence of any such evidence, the trial court could not assume that the church conference was governed by general parliamentary rules, and that under such rules, when the moderator upon a viva voce vote declared the motion to adjourn carried, such announcement was conclusive against those voting against such motion unless a division or roll call was demanded before the meeting was declared adjourned, and it was error to instruct the jury to act upon such assumption. The undisputed evidence shows that the moderator, after the vote was taken on the motion to adjourn, announced that said motion was carried, and declared the conference adjourned, and that no division or roll call was demanded on said motion. Such being the evidence, this charge was in effect an instruction to the jury to find for the plaintiffs. Conceding for the sake of argument the correctness of the proposition that courts can judicially know what are the commonly understood and accepted rules by which deliberative bodies are generally governed in transacting the business coming before them, it can not be held as a matter of law that a voluntary association of persons when assembled as a deliberative body are bound by rules which they are not shown to have adopted, and of which they may be entirely ignorant. If the church had adopted rules governing the method of transacting its business when assembled in conference, and such rules prescribed that the announcement of the result of a vote by the moderator of the conference could only be challenged by a demand for a division, or for a call of the vote, those who opposed the motion to adjourn, having failed to demand a division or a call of the vote upon said motion, should not be heard to say that said motion had not carried unless it be shown that the moderator falsely and fraudulently made such announcement. The simplest and most expeditious manner of ascertaining the will of any assembly of persons is to call for a viva voce vote upon the question before them. The presiding officer of such assembly whose duty it is to put the question and announce the result of the vote, when such vote is close, may often be mistaken as to the result of the vote, and may unintentionally make an erroneous announcement. The rule which makes the announcement by the presiding officer of the result of a viva voce vote conclusive unless a division or a call of the vote is demanded, should only be applied to cases in which the announcement by such officer is honestly made, and should not be invoked in favor of a false and fraudulent announcement, or one that is clearly contrary to the actual result. No presiding officer should be permitted to arbitrarily or fraudulently defeat the will of the majority of any deliberative assembly by making a knowingly false announcement of the result of a vote merely because such announcement was not promptly challenged in the manner prescribed by the rules under which the business of such assembly is transacted.

The fellowship of the church having been withdrawn from the appellant Gipson prior to the meeting of the church in conference on May 2, 1901, he was not a member of the church at that time, and not entitled to vote upon any question that came before that meeting, and if he voted at said meeting his vote should not be counted in determining the question of which of the two factions was in the majority when the division in the church occurred.

Because of the error in the charge above set out, the judgment of the court below is reversed and the cause remanded for a new trial.

*Reversed and remanded.*