## GEORGE et ux. v. JONESVILLE OIL & GAS CO. et al. (No. 2331.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 16, 1920.)

Appeal and error ⬅954(3)—Injunction ⬅135—Denial of temporary injunction largely in court's discretion, and will not be disturbed where based on conflicting evidence.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, denial of a temporary injunction rested largely in the discretion of the trial court, and its action will not be disturbed in the absence of abuse of discretion, particularly where such determination is made upon conflicting evidence.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Suit by J. N. George and wife against the Jonesville Oil & Gas Company and others. From an order denying temporary injunction, the plaintiffs appeal. Affirmed.

Jones, Sexton, Casey & Jones, of Marshall, for appellants.

Scott & Lane, of Marshall, for appellees.

LEVY, J. Plaintiffs filed the suit in the district court of Harrison county to cancel a certain oil and gas lease or contract and to prevent the defendants from disposing of the stock in the corporation and to readjust the interests of the stockholders. It is claimed that the appellants leased certain lands to certain of the appellees in the agreement, both written and verbal, that a corporation was thereafter to be formed and the lease on the land to be turned in to the assets of the corporation, the appellants to receive one-half of all the stock issued, and the appellees to receive one-half of the stock issued. It was alleged that the plaintiffs had been refused their part of the stock after it was issued, and that the defendant directors were threatening to sell it to other parties. Appellants prayed for a temporary injunction, "restraining the directors and officers of the corporation from selling, mortgaging, or transferring on the books the shares or certificates of stock upon the books until final trial of this cause." Oral evidence was heard, and the court denied the temporary injunction. The appeal is from that order.

Appellants leased in writing 461 acres of land to E. V. Vaughan and others, reciting a consideration of $2,305 cash and the issuance of $2,305 worth of stock in a company to be organized by the lessees. It was proven by appellants, over the objection of appellees, that there was a verbal agreement, both before and after the lease between the lessors and the lessees, that a corporation would be organized, and that the leased property would be turned into the corporation as assets, and both the lessors and the lessees should receive and own one-half of the stock. The corporation was organized and chartered, and stock was issued. Appellees denied the agreement that appellants should receive one-half of the stock, and testified that the $2,305 in cash and the $2,305 in stock, stated in the written lease, was to be in full payment of the lease, and that this consideration was tendered to the appellants.

Article 4643, Vernon's Sayles' Ann. Civ. St. 1914, provides that the judge may, either in term time or in vacation—

"hear and determine all applications, and may grant writs of injunction: (1) Where it shall appear that the party applying for such writ is entitled to the relief demanded and such relief or any part thereof requires the restraint of some act prejudicial to the applicant; (2) where pending litigation it shall be made to appear that a party is doing some act respecting the subject of litigation, or threatens or is about to do some act or is procuring or is suffering the same to be done in violation of the rights of the applicant, which act would tend to render judgment ineffectual."

It has been held that the dissolving or granting of a temporary injunction rests largely in the discretion of the court, and

its action will not be disturbed in the absence of an abuse of discretion. Lodge K. & L. of Honor v. Cole et al., 62 Tex. Civ. App. 500, 131 S. W. 1180. The power "to hear and determine all applications" involves the power and authority to decide whether or not the party applying for the temporary relief is entitled to such relief. The judge on conflicting evidence here determined against the appellants, and this court is not warranted in disturbing the order entered.

The judgment is affirmed.

---

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes