**WOODS et al. v. HUMBER. (No. 6987.)**

(Court of Civil Appeals of Texas. Austin.
March 10, 1926.)

**1. Religious societies ⬦⟹10.**

Under common practices and principles of Baptist Churches, individual church is supreme in control over its own affairs, bound only by action of majority of members.

**2. Religious societies ⬦⟹27(3)—Finding that church meeting purporting to discharge pastor was not in accordance with custom and usage and after proper notice to congregation held sustained under evidence.**

In suit to enjoin Baptist minister from preaching or interfering with governmental affairs of church, evidence *held* to support finding that meeting of members of congregation, assuming to discharge pastor, was not regular church conference held in accordance with recognized custom and usage after proper notice to members.

**3. Appeal and error ⬦⟹954(1)—Injunction ⬦⟹ 135.**

Broad discretion is vested in trial courts as to granting and refusing temporary injunction, and their action will not be disturbed on appeal, in absence of clear showing of abuse of discretion.

**4. Religious societies ⬦⟹ 27(3).**

In suit to enjoin Baptist pastor from preaching or interfering in governmental affairs on ground of purported discharge, refusal of temporary injunction *held* not abuse of discretion under evidence.

Appeal from District Court, Milam County; John Watson, Judge.

Suit by Tom Woods and others against P. R. Humber. Judgment for defendant, and plaintiffs appeal. Affirmed.

B. P. Matocha, of Cameron, for appellants.
Henderson, Kidd & Henderson, of Cameron, for appellee.

BAUGH, J. The Cameron Grove Missionary Baptist Church is a church for colored Baptists at Cameron in Milam county, Tex. During the early part of 1925 a dissension arose amongst its membership over the failure of those charged with that duty to make an annual report showing what had been done with the church funds during 1924.

The controversy divided the church into two factions, with the pastor, appellee here, the officers, and a majority of the membership composing one faction, and a minority of the membership composing the other. It seems that the majority faction, led by the pastor, at a meeting of the membership some time in the early part of 1925 (in just what capacity they met is not made clear), undertook to exclude from church membership, or

to withdraw fellowship from, some 15 or 16 members of the minority who were actively participating in the controversy. Evidently trouble was anticipated at this meeting, as it appears that the sheriff and some white Baptists were, in response to requests made in advance, present on this occasion. The meeting appears to have broken up in confusion, and it is not clear just what action, if any, was taken on the proposed exclusion of the 15 or 16 members.

Finally on August 7, 1925, at what was alleged to have been a regular meeting night of the church in what the witnesses termed a "council," 32 of those present elected a chairman and held a purported business session of said church. The minutes of that meeting as recorded at the time by one Will Davison, who was chosen temporary clerk, read as follows:

"Aug. 7, 1925. The Cameron Grove Missioneary Baptis Church met, and after singing then prair was offered by Bro L. Johnson. After which, sence the paster was absent motion by sister Vanora Coleman, seconded by Bro John Booker & garfield Thompson that Decon C. L. Johnson should serve as chairman for the meeting 45 being in the room 32 for and non against motion by Lewis Johnson seconded by Jessie Thompson that W. J. Davison be appointed tempoary Cleark 32 for non against the chair then announced that the council was opened in due for and ready for business first thing came before the council was Rev P R Humber who have torn the heart out of Cameron Grove Missionary Baptis church and throwing the old members out of the church in bunches without motion prevailed that the council appoint a committee of 5 to present the proceedings to Jestus of the peace and any other authority that he might suggest if any and pray that he or they protect the members of the Cameron grove missionary Baptis church from any intrusion on the part of P R Humber from going on the rostrum or from trying to overpower the church & act or preach. The motion amended by W C Johnson for non constitution act. Don by order of the council assembled. Committee WJ Davison, Georgian Ann Mon—John Booker, Carry Davis, Rachell Hurtt.

"Motion prevailed 31 and none against that P R Humber vacate the house.

        "Deacon C L Johnson, Moderator.

"W. J. Davison, Protemp Clerk.

"Any charge or against them which are contrary to the Bible, sence he have torne the Cameron grove missionary Baptis church apart and have scattered her members. Now for the best intress of the church it was motioned by Tom Woods and seconded by sister Georgian An Robinson that the pulpit of the Cameron graove missionary baptis church be declared vacent, same to take effect at once there being 45 in the church, 32 stood until counted and declared in favor of the motion, non stood against.

"Motion by Georgia Robinson and sec by Lewis Johnson that the Decon board be declared vacent for joining the preachers rongs and not trying to bring about peace nor harmonize the church, 31 stood for motion, non against, carried."

The pastor, P. R. Humber, having ignored said proceeding and continued to preach in said church house, this suit was filed by the appellants, who appear for the most part to be the same ones who were present at said meeting on August 7th, seeking to enjoin said P. R. Humber from entering said church for any purposes, or causing any one to take his place, and from in any manner interfering with the governmental affairs of said church. After a hearing on the application, the trial court refused to grant same; hence this appeal.

Appellants contend that the meeting of August 7, 1925, was a regular meeting time for the church to consider business matters; that it was regularly announced in advance; that 7 members of said church at such meetings constituted a quorum to transact business for the church; that the action taken on that occasion was the action of the church in its official capacity; and that the pastor, appellee here, was legally discharged.

We have read carefully the statement of facts. The testimony of the several witnesses took a wide range and much of it is not pertinent here. Preaching services were had only on the second and fourth Sundays in each month. There was testimony that Friday night before the second Sunday in each month was at one time fixed as the regular time for church conference. It was undisputed, however, that such meeting time had not been observed for several years, and that for several years "council," as the witnesses termed it, had been held only when called by the pastor, or by some one acting for him, after being announced at a regular preaching service of the church. This practice had become a regular custom or usage of that church and appears to have been so recognized by the membership. The only call or notice given of the meeting of August 7th was that made by one of the dissatisfied members, after the close of Sunday School, when the pastor was absent, and on a Sunday when no preaching service at the church was had.

[1, 2] Both under the evidence in this particular case and under the common practices and principles of Baptist Churches as disclosed in adjudicated cases, the individual church is supreme in the control of its own affairs, and bound only by the action of the majority of its members. Jarrel v. Sproles, 49 S. W. 904, 20 Tex. Civ. App. 387; Gipson et al. v. Morris, 67 S. W. 433, 28 Tex. Civ. App. 555; 73 S. W. 85, 31 Tex. Civ. App. 645; 83 S. W. 226, 36 Tex. Civ. App. 593.

And, without setting out or discussing the evidence in detail, we think there was sufficient evidence upon which the trial court could have concluded that the meeting of August 7, 1925, was not a regular church conference had in accordance with the recognized custom and usage of the church after proper notice given its membership; and it is practically undisputed that the action there taken was by the minority faction of the church and did not represent the will of the majority of the membership. The sworn answer of appellee fixed the membership of said church at 356. There was no competent testimony as to what the total membership was, but one of appellants stated that he thought it was about 200. It appears that only 31 or 32 voted to discharge the pastor, and there is some doubt as to whether or not several of those had been "excluded from church membership."

[3, 4] The order of the trial court discloses that the hearing had was on "the matter of a temporary injunction." A broad discretion is vested in trial courts in the matter of granting or refusing temporary injunctions, and their action will not be disturbed on appeal, in absence of a clear showing of abuse of such discretion. Wells Fargo Co. v. Guilheim (Tex. Civ. App.) 169 S. W. 1053; George v. Jonesville Oil & Gas Co. (Tex. Civ. App.) 226 S. W. 445; City of Waco v. Grimes (Tex. Civ. App.) 279 S. W. 312.

We find no such abuse of that discretionary power in this case as would authorize us to disturb the judgment of the trial court, and said judgment is therefore affirmed.

Affirmed.