498

## FIRST BAPTIST CHURCH OF SAN MAR-COS, COLORED, Inc., et al. v. GILES et al.

### No. 9778.

Court of Civil Appeals of Texas. Austin.

March 23, 1949.

Rehearing Denied April 13, 1949.

Wm. Yelderman, of Austin, for appellant.

Henry C. Kyle, of San Marcos, for appellee.

ARCHER, Chief Justice.

This is a church case, instituted by Anthony Giles and 69 other persons claiming to be a majority of the members of San Marcos First Baptist Church, Colored, against First Baptist Church of San Marcos, Colored, Inc., F. P. Robinson, and others, seeking a cancellation of a deed and for possession of the church property and other relief for the benefit of the whole church membership.

It appears that there has been dissatisfaction in the membership of the church for some time, with several meetings of the church and with the assistance of some others who were not members but sought to aid in an amicable settlement of the dissension. In a former suit an election was provided for, so that the membership could express itself on the issue causing the unhappiness in the church; in this meeting 66 voted not to retain the pastor and 57 voted for his retention; an oral report of the vote was made to the court; non-suit was taken. The plaintiffs in the first case and in this case took possession of the church building and refused to permit Robinson to occupy the pulpit on the Sunday following the oral report. Robinson was living in the parsonage and continued to live there. The faction of the congregation favorable to him has been holding meetings at the church parsonage.

After the faction who are plaintiffs in this cause and were plaintiffs in the prior case obtained possession of the church building, the other faction claiming to be the true and correct First Baptist Church of San Marcos, Colored, formed a body corporate, elected trustees and caused all of the church property to be conveyed to the body corporate. Thereafter this suit was filed.

This appeal is predicated upon one proposition of law and is as follows:

The uncontradicted evidence shows that the 56 members, all of whom are plaintiffs in this action, were dismissed from the church membership at a regular church conference by reason of non-fellowship in the church, and the church as a matter of law under Baptist doctrine had the right to so dismiss said members.

Therefore, the prime point is the sufficiency of the dismissal of the 56 members.

Two issues were submitted by the court:

"Do you find from a preponderance of the evidence that the 56 members named in the minutes of April 18, 1947, were expel-

led and dropped from the church as members of the First Baptist Church, Colored, of San Marcos, in accordance with the accepted usages, practices and customs of said church?

"Do you find from a preponderance of the evidence that the resolution of March 17, 1948, in regard to the sale of the church property was passed by a majority of the members of the First Baptist Church, Colored, of San Marcos?"

The jury's answer of "No" to both issues was against the defendants, appellants in this court, and the trial court accordingly rendered judgment for plaintiffs, appellees here.

Based on the jury verdict, judgment was rendered in favor of the plaintiffs, the appellees herein, for the title and possession of the described premises.

The deed from Dora Cheatham et al, trustees, to the First Baptist Church of San Marcos, Colored, Incorporated, dated April 6, 1948, was declared void and cancelled, and the title quieted.

On October 7, 1946, at a meeting a resolution was offered by Rev. Charles Conally:

"San Marcos, Texas, October 7, 1946. Brother Moderator and Bretheren: I have a resolution to offer, since our pastor Reverend Robinson has severed his connection with the Guadalupe Baptist Association, which this church has been a member of for over seventy years, and she has never bowed her knee to the image of Bail, be it resolved that we, the First Baptist Church will ever remain a member of the Guadalupe Baptist Association unincorporated, be it further resolved if the pastor contends, or carries this church into another so-called association that in 1947 on the first Sunday in July, that we declare the pulpit vacant and elect a pastor that will cooperate with the Guadalupe Baptist Association unincorporated, to save this church from shame and disgrace, I ask that this resolution be received and adopted."

This resolution was offered by Conally, and provided that if the pastor (Robinson) took the church to the Progressive Association, that the church would, on the first Sunday in July 1947, declare the pulpit vacant.

For a long period of time the regular business meetings were held on Monday night following the first Sunday in every month.

On January 6, 1947, the pastor, Robinson, offered a resolution with a number of recommendations:

"Article X: I recommend that any member who will not cooperate with the church's program in (90) ninety days his membership becomes null and void."

On April 18, 1947, the following proceedings were had:

"The minutes of the Special meeting at First Baptist Church opened with a song and prayer, after which the pastor announced the house open for business. He spoke of the Church work in general, he also made special mention of the members who have failed to attend Church services and fail to support the church and etc. This recommendations was also included which stated:

"This is to certify that we the members of First Baptist Church do hereby in the Spirit of the Christ who said 'One day peace I leave with you' do here by sanction and support the recommendation of one who God called, God qualified to go preach the Gospel according to the orders handed down from the great heads of the church whom we have called as Shepherds of this flock in the person of Rev. F. P. Robinson. We therefore deem it necessary to meet together tonight in order that peace might prevail among Gods people in this section we therefore recommend that such members whoever they may be may be dropped from the roll and the right hand of fellowship be withdrawn from them according to the January recommendation of the covenent keepers of the Church which is known as First Baptist Church San Marcos, Texas. Rev. F. P. Robinson duly elected as pastor. It was motion by Bro. Jessie Hamilton and seconded by Bro. W. T. Brown that this recommendation be received and adapted. These are the names of members whom the right hand of fellowship was withdrawn from.

500

"1. Willie Burleson (and 55 others, all of whom were named).

"The meeting was then ajoined. .

"Rev. F. P. Robinson, Paster.

"Reuben Barnett, Secretary."

"(Direct Examination of Reuben Barnett by Mr. Yelderman Cont'd.)

"Q. Those number how many, Reuben? A. I think about 53 or 54.

"Q. The books shows 56. A. Fifty-six.

"Q. Fifty-six, is that correct? A. Yes, sir.

"Q. After that election was taken, what, if anything, did you do on your church roll about these members? A. The names were wrote in indellible and I just scratched through them.

"Q. Scratched through their names? A. Yes, sir.

"Q. After you did, how many names did it leave on the church roll, approximately? A. I think about 107.

"Q. After that, did you continue to be church secretary? A. Yes, sir, I did.

"Q. Where were church services held in 1947? A. Started back in the church for awhile. They couldn't agree there so they went out to the parsonage.

"Q. When did they go out to the parsonage? A. I don't remember the date.

"Q. Last year or this year? A. This year."

It is not disputed that the 56 members allegedly dropped from the rolls had no actual notice of the special meeting held on April 18, 1947, and were not present.

On January 12, 1948, in an order in cause No. 5711, to which essentially all parties in this present suit were parties, it was directed that a meeting be held in words as follows: .

"It Ordered by the Court, without prejudice, to either party to this case that a meeting be held at 8:00 o'clock January 22, 1948, at the First Baptist Church of San Marcos.

"Under the supervision of Rev. George Stewart, or any other assistant that he might see fit to call in at such time and place, giving at least seven days prior notice to the entire membership of said church as reflected by the membership rolls of said church as of October 7, 1946, being eligible to vote at said meeting, and at such meeting the membership shall elect a pastor and shall decide to which Association it desires to belong, if any.

"It is ordered that from such meeting aforesaid Rev. Chas. Conally and Rev. F. P. Robinson shall be excluded.

"It is not the intention of this court, by this order, to confine said meeting to the above matters but that any other business may be transacted which will have the effect of settling this pending litigation.

"It is ordered that the results of such meeting shall be reported to this Court by 9:00 o'clock on February 2, 1948.

"It is further ordered that in the event no settlement can be reached or no action can be taken which will terminate this litigation, then this order and any report made thereunder, shall not in any way prejudice the rights of the parties to this lawsuit.

"It is further ordered that the membership as stated shall be that as of October 7, 1946, unless the meeting itself determines differently.

"It is the intention of this order that if the majority of the membership settle the matters at issue, then this lawsuit will be dismissed by the court with prejudice.

"J. R. Fuchs,

"Judge, 22nd. Jud. Dist. of Texas."

This meeting was held and a majority voted to remain in the old association and to declare the pulpit vacant and F. P. Robinson no longer pastor.

Subsequently, those favoring Pastor Robinson met at the parsonage and the other group at the church.

On April 6, 1948, the church was incorporated by those aligning themselves with Pastor Robinson and the church property conveyed to the corporation.

In May 1948, the group constituting the 56, maybe some less or more, instituted this suit against the church incorporated and several individuals to cancel the deed and to quiet title in themselves; answer was

made; trial· had, with the result hereinabove stated.

We do not believe that the 56 members were dropped from the rolls in accordance with the accepted usages, practices and customs of the church.

Rev. Stewart, the pastor of the white Baptist Church of San Marcos, testified:

"It is within the province, by majority, to withdraw fellowship from any individual. It certainly would be within the province of the church to do that, but not without giving that individual the right to appear for himself."

Schumann et al. v. Dally et al., Tex.Civ. App., 29 S.W.2d 422; Woods v. Humber, Tex.Civ.App., 282 S.W. 834.

The Supreme Court of the United States in Bouldin et al. v. Alexander et al., 82 U.S. 131-140, 15 Wall. 131-140, 21 L.Ed. 69, a Baptist Church case, is quite significant on the point of removal of church officers without notice. The court said:

"An expulsion of the majority by a minority is a void act. We need not, however, dwell upon this. Certain it is, that trustees are not necessarily communing members of the church. Excommunication from communing membership does not disqualify them, even if the excision be regular. Still more certain is it that they cannot be removed from their trusteeship by a minority of the church society or meeting, without warning and acting without charges, without citation or trial, and in direct contravention of the church rules."

■ We believe that the evidence justified the submission of the issues and that the verdict finds reasonable support in the record.

■ "It is the settled rule that whether or not the evidence supports the verdict, the appellate court must consider the testimony and the legitimate inferences to be drawn therefrom in the light most favorable to the party who obtained the verdict, treating as true the testimony which tends to support the verdict, and disregarding that which is to the contrary. 3 Tex.Jur. 1057-1059, Sec. 745; Greenspun v. Greenspun, Tex.Civ.App., 194 S.W.2d 134, affirmed 145 Tex. 374, 198 S.W.2d 82." Greenspun v. Greenspun, Tex.Civ.App., 211 S.W.2d 977, 982 (Ref.NRE.).

The judgment of the trial court is affirmed.

Affirmed.