## BORHO et ux. v. AUSTIN LAUNDRY & DRY CLEANING CO. et al.

### No. 10154.

Court of Civil Appeals of Texas. Austin.

July 15, 1953.

Rehearing Denied July 31, 1953.

J. Hubert Lee, Austin, for appellants.

James R. Meyers, Coleman Gay, Austin, for appellees.

ARCHER, Chief Justice.

This suit was instituted by John M. Borho and wife, Mae Borho, plaintiffs, against Austin Laundry & Dry Cleaning Company, a corporation, and Buford Kidder, defend-

ants, to recover damages for injuries suffered by Mrs. Borho and for damages to an automobile, growing out of a collision at an intersection in Austin, Texas.

It was alleged that Mrs. Borho was driving west on Stobaugh Lane, and that defendant Kidder, an employee of his co-defendant, the Laundry Company, was driving a truck belonging to the company north on Watson Street, and that the collision occurred at the intersection, occasioned by the negligence of Kidder while acting within the scope of his employment, in failing to stop or slacken the speed of his truck before the collision, in driving at a rate of speed greater than an ordinary prudent person would have under similar circumstances, in failing to yield the right of way, and in failing to keep a proper lookout.

The defendants filed a general denial and plead that the collision was caused by the negligent manner in which Mrs. Borho was operating her automobile, or, if not caused solely by such negligence, then such negligence was a proximate cause, and contributed thereto, and that Mrs. Borho was guilty of negligence in failing to keep a proper lookout, in failing to yield the right of way, in driving her automobile partially on the left side of the street, in operating her car at a greater rate of speed than was safe under the circumstances, because the plaintiff was unable to see approaching cars from the south since the southeast corner of the intersection was a blind corner, in failing to stop or slacken the speed of her automobile, in failing, after seeing the truck driven by Kidder, to stop in order to avoid the collision, and that all of said acts of negligence were a direct and proximate cause of said collision; and that in the alternative, the collision was the result of an unavoidable accident.

The trial was had with the aid of a jury and the jury answered the several issues submitted and fixed the plaintiffs' damages at $4,884.10.

On motion of defendants, and based on findings of the jury, the court entered its judgment that the plaintiffs take nothing.

The appeal is before this Court on seven points assigned as error and are that the trial court erred in refusing to instruct the jury that where automobiles enter an intersection from opposite roads at approximately the same time, the car on the right is entitled to the right of way, in refusing to grant a new trial to plaintiffs for various reasons.

The appellants requested the court to charge the jury that when two motor vehicles approach a street intersection the driver of a vehicle approaching the intersection shall yield the right of way to a vehicle that has entered the intersection from a different street; but, when two vehicles enter the intersection from different highways or streets at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.

The plaintiffs had alleged as acts of negligence and proximate causes of the collision and injuries, that the defendants' driver failed to yield the right of way to Mrs. Borho's car which had entered the intersection; and in failing to yield the right of way to the vehicle entering the intersection at approximately the same time from the right.

The appellees in their answer, among other defenses, plead that plaintiff, Mrs. Borho, was guilty of contributory negligence in failing to keep a proper lookout, in operating the automobile at a greater rate of speed than was reasonably safe under the existing circumstances, and particularly the fact that plaintiff was unable to see whether an automobile was approaching because of a blind corner at the intersection.

Plaintiffs plead that the defendant Kidder failed to keep a proper lookout, and was driving faster than an ordinary prudent person would have under similar circumstances.

The jury found in response to special issues that the defendant Kidder failed to keep a proper lookout; that this was negligence and a proximate cause of the collision.

The jury also found that plaintiff Mrs. Borho failed to keep a proper lookout; that this was negligence and a proximate cause of the collision.

The jury further found that both the defendant Kidder and the plaintiff Mrs. Borho each was driving at a greater rate of speed than an ordinary prudent person would have driven under the same circumstances, and that such was a proximate cause of the collision.

The jury found that plaintiff's car entered the intersection at approximately the same time as defendant's truck entered the intersection and that the failure of defendant Kidder to yield the right of way to Mrs. Borho was negligence and a proximate cause of the collision.

The jury found that plaintiff's car did not enter the intersection before defendant's truck entered such intersection.

At the scene of the collision, Stobaugh Lane runs westerly and is 30 feet wide; Watson Street extends north and south intersecting Stobaugh and is 27 feet wide.

At the southeast corner of the intersection of the two streets there was a fence line of cedar trees running along both of the streets for at least a distance of 75 feet on each side, obstructing the view from one street to the other.

Both Mrs. Borho and Mr. Kidder were familiar with the streets and the intersection. There were no traffic signs at the intersection.

■ We do not believe that it was incumbent upon the court to instruct the jury as to which of two automobiles entering an intersection at the same time has the right of way in this case. Such instructions were not necessary to enable the jury to properly pass upon and render a verdict and, in this instance, the jury answered the issues favorable to appellants and no harm resulted to the appellants and would not have aided the jury in answering the issue.

■ The right of way issues were answered favorable to appellants and they cannot complain of the failure to instruct the jury as to the rights of the parties at the intersection.

The jury having answered the issues favorable to appellants and finding that the defendant Kidder failed to keep a proper lookout and that he drove his truck at a greater rate of speed than an ordinary prudent person would have driven it under the circumstances, and that these acts of negligence were a proximate cause of the collision and thereby established the liability of appellees, except for further findings that Mrs. Borho was guilty of contributory negligence in failing to keep a proper lookout and in driving her car at a greater rate of speed than an ordinary prudent person would have driven it under the circumstances and consequently the appellants would not be entitled to a judgment.

Rule 277, Texas Rules of Civil Procedure, in part, reads:

"In submitting special issues the court shall submit such explanatory instructions and such definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues, and in such instances the charge shall not be subject to the objection that it is a general charge."

Boaz v. White's Auto Stores, 141 Tex. 366, 172 S.W.2d 481; Tripp v. Watson, Tex.Civ.App., 235 S.W.2d 677, error ref., n. r. e.

■ The court did not err in refusing plaintiffs' motion for a new trial because of the failure to define "proper lookout" and we overrule appellants' assignment No. Seven.

The appellants did not request that a definition be given as to what constitutes "proper lookout" and made no objection to a failure to define it, or took exceptions to the court's charge. Rule 273, T.R.C.P.; Rule 279, T.R.C.P.; Webb v. Van, Tex.Civ. App., 210 S.W.2d 877, error ref., n. r. e.

By points Nos. Three, Four, Five and Six appellants complain of the sufficiency of the evidence to support the jury's findings that Mrs. Borho was not keeping a proper lookout, and was operating her car at a greater rate of speed than an ordinary prudent person would have driven it under

the circumstances, or in any event the findings of the jury in connection with these issues are against the great preponderance of the evidence, and that appellants were entitled to a new trial.

We believe that the findings of the jury are reasonably supported by the evidence.

■ As was stated in First Baptist Church of San Marcos v. Giles, Tex.Civ. App., 219 S.W.2d 498, 501, error ref., n. r. e.:

"It is the settled rule that whether or not the evidence supports the verdict, the appellate court must consider the testimony and the legitimate inferences to be drawn therefrom in the light most favorable to the party who obtained the verdict, treating as true the testimony which tends to support the verdict, and disregarding that which is to the contrary."

■ The jury saw and observed the witnesses, which included Mrs. Borho and Mr. Kidder, and heard their testimony, and since the jury had the obligation to determine what the facts were with reference to the conduct and actions of the plaintiff Mrs. Borho and the defendant Mr. Kidder and resolved that each of said parties failed to keep a proper lookout and failed to drive in such manner as an ordinary prudent person would have driven under the circumstances and that such acts were negligence and constituted proximate cause, and we do not believe the court was in error in refusing a new trial.

Mrs. Borho testified that she was not driving over 25 miles per hour; that she first saw the truck just as she entered the intersection, at which time the truck was three or four lengths back; that she knew the truck was going at a high rate of speed; that she put on her brakes, and was hit by the truck at that time; that she entered the intersection first; that after her car was hit she continued on to the telephone post located on the north side of the middle of Stobaugh Lane, and her car was facing back into Stobaugh.

Mr. Kidder testified that he heard Mrs. Borho's car before he saw it, and heard her blow the horn and that he applied his brakes, and at that time she was three or four car lengths back from the Watson Street intersection; that Mrs. Borho's car swerved and her left rear fender struck his right front fender and then skidded across the street; that he was driving less than 20 miles an hour at the time of the collision.

Witness C. Thurman, called by plaintiffs, testified as to the line of cedar trees at the intersection; that he saw the collision from the front of his house near the street; that he saw Mrs. Borho driving west and that she was not going beyond 20 miles an hour; that he saw the truck come out and strike the car; that he believed the car entered the intersection first. On cross examination the witness said he saw Mrs. Borho pass and kept his eye on her car until the collision and that he had given a statement at an earlier date in which he said the car and truck entered the intersection at the same time; that he would not say how fast the truck was going; that it stopped after the collision.

Glen M. Garrett, called by plaintiff, testified that he was a member of the Austin Police Department and that he got to the scene of the accident shortly after it happened and that the automobiles were still in place, and that he made measurements on the ground; that the truck was facing north on Watson Street and north of the middle line of Stobaugh Lane; that he saw skid marks coming from the east on Stobaugh 27 feet in length to the point of impact and continued westward an additional 22 feet to a telephone pole on the corner; that skid marks on Watson Street were 28 feet in length; that the truck was damaged on the right front fender, the grill and the bumper, and the automobile was damaged on the rear fenders from the impact of the collision. The witness identified a diagram of the intersection as being correct and some pictures of the scene; that from the skid marks of both vehicles it appeared to him that the brakes had been applied on them at about the same time.

It would appear from the testimony that the two cars were travelling at about the same rate of speed as they approached

the intersection and that the drivers saw the other car at approximately the same distance from the intersection. It is also apparent that each driver applied the brakes, but then too late to avoid a collision.

From the testimony as a whole, the skid marks, the position of the cars at and after the collision, it is again apparent that both drivers failed to keep a proper lookout, and were going too fast in approaching the blind corner intersection, and the jury's finding is reasonably supported by the record, and if different conclusions may reasonably be drawn from the whole evidence the question of causation is for the jury. Liberty Film Lines v. Porter, 136 Tex. 49, 146 S.W.2d 982.

The judgment of the trial court is affirmed.

Affirmed.