**PAN AMERICAN COLLEGE, Appellant,**

**v.**

**Dr. Hector R. ROJAS, Appellee.**

**No. 111.**

Court of Civil Appeals of Texas.

Corpus Christi.

June 29, 1965.

Rehearing Denied July 29, 1965.

Henrichson & Bates, by E. G. Henrichson, Edinburg, for appellant.

L. Aron Pena, Edinburg, for appellee.

GREEN, Chief Justice.

Appellee Dr. Hector R. Rojas, plaintiff below, secured judgment after jury verdict against appellant, Pan American College, defendant in the trial court, for damages for breach of employment contract. Motion for new trial was overruled, and defendant has perfected this appeal.

Appellee, a Doctor of Astronomy whose residence is in France, was employed by appellant in September, 1962, by contract to expire May 31, 1963, as Research Associate under Professor Paul Engle in a program of astronomical and astrophysical research. This program, which was conducted by appellant college in Edinburg, Texas, and at its high altitude observatory on Mount Infiernillo, State of Nuevo Leon, Mexico, was sponsored and financed by a grant from the National Science Foundation. Professor Engle was Director of the grant, and controlled the expenditure of the funds.

In June, 1963, appellee's contract with appellant was renewed by the parties for one year, to be in effect until May 31, 1964. Although appellant questions the existence of sufficient pleadings and evidence of a contract, this matter was definitely settled by a stipulation, hereinafter copied in this opinion, entered into by the parties after the evidence was in and before the preparation of the charge to the jury, and we shall not deem it necessary to discuss at any length any issue as to the existence of such contract.

During the early months of their association, the relationship between Professor Engle and appellee seems to have been satisfactory. In a report by Engle to the National Science Foundation in March, 1963, he spoke most highly of Rojas, saying: "Dr. Hector R. Rojas is deeply involved in this work here and has proved to be a most highly satisfactory research associate." However, it appears from the testimony that after the renewal of appellee's contract, strong personal animosity developed between the two men. There is much conflicting testimony of the quality and value to appellant of appellee's services, as well as on the subject of whether appellee acted insubordinately toward his superior, Engle, and refused to accept instructions from him. The evidence conflicts sharply as to Engle being in fact an astronomer qualified to give directions concerning the technical details of the observation project, and it is clear that appellee did not consider him to be such. On September 21, 1963, in reply to a letter from Engle, appellee wrote him stating that he agreed that they should work together to insure the success of the research project, but that "Because you are not astronomer at all and anymore, I will not accept from you any instruction regarding what to do or what not to do in the research project." Appellee on the stand explained that he did not write that he would not recognize Engle as his superior, or as the director of his department, but that since Engle was not an astronomer, he could not permit him to interfere with appellee's work as an astronomer. After receipt of this letter, the college authorities not only continued to allow him to go on with his work, but furnished him with a new and better office.

The event that evidently brought on the appellee's dismissal from employment happened on October 25, 1963. A fight occurred just outside of appellee's office between Rojas and Engle, in which blows were struck by both parties and both were knocked to the ground. There were no known eye witnesses to the fight other than the participants, and each gave an entirely different version as to the details of the beginning of the struggle, and as to which was the aggressor and which was merely acting in self-defense. The statement of facts contains testimony from an adult student that Engle's reputation for truth and veracity was bad.

Shortly after the fight, Engle insisted to the college president that appellee be dismissed, and this was done. The dismissal was confirmed by the Board of Regents. The law suit followed.

At the conclusion of the evidence, the parties to the case entered into a stipulation of facts as follows:

"1. That Plaintiff and Defendant did enter into an employment contract for one year, beginning June 1, 1963, and ending May 31, 1964, and for which Plaintiff was to receive a salary of $8,000.00, for his professional services.

"2. That a term of said contract was that Plaintiff receive from Defendant travelling expenses for himself in returning to France in the sum of $434.00.

"3. That Plaintiff was dismissed from employment on October 31, 1963, and a balance of $4,666.64 would still be owing on Plaintiff's annual salary, unless Defendant had just cause to dismiss Plaintiff on said date."

The case was submitted to the jury on a single issue, as follows:

"Do you find from a preponderance of the evidence that Pan American College had just cause for the dismissal of Dr. Hector R. Rojas on or about the 1st day of November, 1963?"

To which the jury answered: "IT DID *NOT HAVE* JUST CAUSE."

By agreement of counsel for both parties, and under the provisions of Rule 269, Texas Rules of Civil Procedure, since the burden of proving the affirmative of the special issue was assumed, without objection, by appellant, its counsel were given the right to open and close the jury argument.

Judgment was rendered favorable to appellee for $5,100.64, being the total of the unpaid salary and travelling expenses set forth in the agreed facts. Appellant's motion for new trial was overruled, and it has appealed. We affirm the judgment.

 Appellant presents this appeal on seven points. The first six are based on error alleged to have been committed by the trial court in overruling appellant's motion for instructed verdict. The record, even when we include the supplemental transcript filed by appellant with leave of the court and agreement of attorney for appellee containing an affidavit of appellant's attorney and a statement of the trial judge, reflects that the instrument designated "Defendant's Motion for Instructed Verdict" was not dictated or prepared in court prior to the submission of the charge, but was for the first time prepared and filed with the district clerk four days after the judgment was signed by the judge. Counsel's affidavit and the judge's statement, taken together, do reflect that after the court and the attorneys for both parties had agreed on the issue to be submitted to the jury, defense attorney stated in open court that he would like to file a motion for instructed verdict, to which the judge replied that he would consider it filed and overruled. It is not shown that any specific grounds for such motion were stated on the occasion, as is required of a motion for instructed verdict by Rule 268, T.R.C.P. No efforts were made to prepare or dictate, in the presence of court and adverse attorney, any motion, nor was any bill of exception taken to the words or the action of the trial judge. There is nothing in the record to indicate that the motion containing the specific grounds was ever presented to the trial judge, or ruled on by him. Under such circumstances we are without authority to consider the instrument as a motion for instructed verdict presented to and overruled by the trial judge before verdict. Rule 268; Home Insurance Co. of New York v. Dacus, Tex.Civ.App., 239 S.W.2d 182; Dyer v. Hardin, Tex.Civ.App., 323 S.W.2d 119, writ ref. n. r. e.; Green v. Evans, Tex.Civ.App., 362 S.W.2d 377. In addition, since it is not indicated that any notice of the filing of this instrument was given adverse counsel, and because it was not presented to or ruled upon by the court after being filed, it cannot be treated as a motion for judgment notwithstanding the verdict. Rule 301, T.R.C.P.; Wilton v. Johnson, Tex.Civ.App., 278 S.W.2d 488; Timmons v. Fogle, Tex.Civ.App., 278 S.W.

2d 549; Brown v. Halfin, Tex.Civ.App., 294 S.W.2d 290.

Hence, there is no basis for predicating any points of error on an assignment that the trial court erred in overruling a motion for instructed verdict. Nevertheless, giving the points of error a liberal construction, we do feel that questions may be raised in them and should be discussed by us of no evidence and insufficient evidence to support the jury verdict, and as to whether, considering all of the pleadings, evidence, and stipulation of counsel, appellant was as a matter of law entitled to judgment in his favor. We shall also consider appellant's seventh point in so far as it raises the proposition that the verdict of the jury is contrary to the overwhelming preponderance of the evidence.

Much of the evidence has already been summarized. There is a distinct disagreement in the testimony on the subject of whether or not appellee was guilty of insubordinate actions toward his superior, Professor Engle, and a fact issue exists on this. Personal conflict existed between them even before the contract was renewed in June, 1963. According to appellee, he offered to resign and return to France on June 24, 1963, and was reluctant to accept an appointment for another year, but was persuaded to do so by officials of appellant. Whether the professional independence of an astronomer in his celestial observations and reports can be regarded as sufficiently insubordinate to justify cancellation of an admittedly valid contract became, in this instance, a question of fact on conflicting evidence.

■ Appellant on appeal seeks to justify its alleged breach of the contract on the proposition that the Board of Regents had authority by statute (Art. 2619a, Sec. 7, Vernon's Ann.Tex.Civ.St.) to remove appellee as an employee *when in its judgment the interests of the College shall require it*. Appellant contends that appellee had the burden of pleading and proving that the Board of Regents abused their discretion in discharging plaintiff, or acted arbitrarily and capriciously in such discharge. We feel that the negative of this would constitute a defensive issue, required to be plead and proved by defendant in the trial court, and is not available when raised, as here, for the first time on appeal. We further are convinced that any such contention as is thus made by appellant was waived when it stipulated that a certain sum would be owing appellee "unless Defendant had just cause to dismiss Plaintiff on such date", and assumed the burden of proof on such issue.

Furthermore, there is no evidence that before discharging appellee the Board of Regents reached any judgment that the interests of the college required the removal of appellee. (Art. 2619a, Sec. 7) The testimony appears to reflect that appellee was discharged to satisfy the demands of Professor Engle who, as Director of the grant, controlled the expenditure of the funds. In this connection Dr. Schilling, President of the College, testified:

"Q Did you subsequently tell Dr. Rojas that he was relieved of his duties?

A Yes, later. I don't know the exact day of the week, but not an immediate thing. Some thinking went into it, and of course, talking with Mr. Engle. I think something should be brought out here, that Mr. Engle is the Director of the grant. We can not write a check at the college on this grant unless Mr. Engle approves it. He has to place a purchase order with us with his approval before we can write a check on the grant. Although, we have the bookkeeper, and Mr. Sawyer is our comptroller, Mr. Engle informed me that he would not approve other checks for Mr. Rojas. He also informed me that he would not go to Infiernillo with Mr. Rojas, and Mr. Rojas could not

operate the instruments there unless he had some instructions from Mr. Engle. *On the basis of this,** of course, we informed Mr. Rojas, in front of witnesses, we had witnesses present, that his position with the college was terminated. That we would make a recommendation to the Board, as such we did.

Q And, the Board conformed the recommendation?

A Yes, sir."

■ From such testimony, we are unable to find *as a matter of law* that appellant had good cause to cancel out the contract between it and appellee, and discharge appellee, without incurring liability for appellee's lawful damages.

The trial judge, in his statement included in the supplemental transcript filed by appellant, made the following statement:

"As I recall, either at the close of Plaintiff's case, or at the close of the Defendant's case, Court and Counsel retired to my chambers and we discussed what possible issues there were in the case and came to the unanimous conclusion that the issues submitted in the Charge was the only issue that should concern the jury."

■ The issue submitted to the jury was taken from the last paragraph of the stipulation entered into between the parties. The form of the issue has been approved as a sufficient presentation of the controlling fact question in a breach of employment contract case. Jay-Kay Paint Manufacturing Company v. Carter, Tex. Civ.App., 281 S.W.2d 453, writ ref. n. r. e.; Dixie Glass Co. Inc. of Houston, Texas v. Pollak, Tex.Civ.App., 341 S.W.2d 530, 91 A.L.R.2d 662, writ ref. n. r. e. by written opinion of Supreme Court, 162 Tex. 440, 347 S.W.2d 596. It would have been much

better had a definition of the term "just cause" been included, and if appellant had objected to the failure to include a definition, and furnished the court with a legal definition of the term, reversible error would have been committed provided the trial court refused to give such definition. Dixie Glass Co. Inc. v. Pollak, supra. But since appellant accepted the issue as given, filed no objection to the charge, and made no request that a definition be furnished the jury, it is too late to make such objection in this court. Rule 279, T.R.C.P.; Great American Indemnity Co. v. Sams, 142 Tex. 121, 176 S.W.2d 312; Kiel v. Mahan, Tex.Civ.App., 214 S.W.2d 865, writ ref. n. r. e.; Sunset Motor Lines v. Blasingame, Tex.Civ.App., 245 S.W.2d 288; Borho v. Austin Laundry & Dry Cleaning Co., Tex.Civ.App., 260 S.W.2d 110, writ ref. n. r. e.

Appellant's seventh point of error reads as follows:

"The Trial Court erred in rendering judgment on the verdict of the jury for the reason that the jury's answer to Special Issue No. 1 was not supported by the evidence, but is so contrary to the overwhelming preponderance of the evidence as to show that the same was based upon prejudice and that a manifest injury has been done."

■ When we consider the stipulation of the parties, which is not mentioned in appellant's brief, along with all of the evidence, we do not agree that the verdict of the jury is contrary to the overwhelming preponderance of the evidence, and overrule this point.

■ Under the seventh point of error, appellant in his brief discusses the proposition of jury misconduct. We do not believe that the subject of jury misconduct is raised by the point of error sufficiently to authorize us to consider it. However, we have read the statement of facts of the

* Emphasis ours.

testimony introduced at the hearing on the motion for new trial, and have found no reversible error in the order of the trial court overruling the motion for new trial. Browley v. Bowen, Tex.Sup.Ct., 387 S.W.2d 383.

In view of the stipulation of the parties, the existence of conflicting evidence raising issues of fact as to whether appellant had just cause to cancel the contract and dismiss appellee, and the absence of any objections to the charge and of any requested definitions or special instructions, we find no reversible error in the trial court's entry of the judgment appealed from.

The judgment of the trial court is affirmed.