## SCHUMANN et al. v. DALLY et al.
### No. 3425.

Court of Civil Appeals of Texas. Amarillo.
June 4, 1930.

R. A. Baldwin, of Slaton, for appellants.

Bledsoe, Crenshaw & Dupree, of Lubbock, for appellees.

JACKSON, J.

This is an injunction suit instituted in the district court of Lubbock county, Tex., by Z. B. Dally, J. G. Wilhite, Nick Gentry, J. D. Norris, A. H. Shelton, Earl Brasfield, Dr. G. C. Mullins, and Floyd Rector, plaintiffs, as the official board of elders and deacons of the First Christian Church of Slaton, Tex., against Theo Schumann, H. T. Newby, W. B. Knox, J. M. Davis, M. I. Bourland, Mrs. Charles Mariott, Mrs. J. V. Vaughn, Mrs. M. I. Bourland, Mrs. J. M. Davis, and Mrs. J. A. Klassner, defendants.

The plaintiffs alleged:

That prior to January 1, 1930, they were duly elected by the members of the First Christian Church of Slaton, Tex., to be and constitute the board of elders and deacons of said church. That plaintiffs accepted, were ordained, and acting as such since prior to January 1, 1930. That in pursuance to their authority and duty as such church officers, they contracted with Z. B. Dally to act as pastor and preacher of the church during the

year 1930. That in compliance with such contract he has been performing the duties of pastor and preacher of said church. That the church is the owner of certain described real property with the church building thereon. That said property is in the possession and control of plaintiffs as the official board of the church.

That after their election and qualification, the defendants became dissatisfied with the services of the plaintiff Z. B. Dally as pastor and preacher. That without authority, Theo Schumann, H. T. Newby, and J. M. Davis called a meeting of the members of the church without advising the membership of the object or purpose thereof. That such meeting was attended by only a few members, but the defendants at such meeting attempted to elect a new board of elders and deacons to have charge and control of the church for the year 1930. That at such pretended election Theo Schumann, W. B. Knox, J. M. Davis, E. A. Gentry, and R. R. Gentry were named as the official board of elders and deacons. That E. A. and R. R. Gentry refused to qualify, but the other three are attempting to act as such official board. That such pretended election was illegal and void because: (a) Not held in accordance with the discipline of the church; (b) no notice of the object and purpose of the meeting was given the members; (c) the meeting was called by persons without authority to call such meeting after plaintiffs had been duly elected, ordained, and assumed the duties of office. That each of the defendants are opposed to Z. B. Dally as pastor and preacher and have publicly announced that they will attend the services at said church on to-morrow, January 5, 1930, oust the plaintiffs from the management and control of the business affairs of the church, the conduct of services therein, and will not permit Z. B. Dally to preach the sermon on said date. That the defendants and those in sympathy with them constitute but approximately 20 per cent. of the membership of the church, but are attempting to, and unless restrained will, take charge of the church property, prevent the plaintiffs from exercising control and management thereof and conducting religious services therein. That plaintiffs have endeavored to dissuade the defendants from interfering with the control of the church, from disturbing the religious services therein on said date, and from preventing Z. B. Dally from preaching the usual Sunday sermon on said date, but such efforts have been unavailing. That if the defendants do come to the church and pretend to interfere with the services, the preaching of a sermon by Z. B. Dally, and the right of plaintiffs to control the affairs of the church, it is calculated to provoke a breach of the peace and a disturbance of religious worship, and that such threatened interference is without warrant or justification.

That plaintiffs do not desire to prevent the defendants from attending church, exercising any legal right they have as members thereof to participate in the religious services, but only desire to prevent unwarranted interference with the religious services and the rights of the plaintiffs to the management and control of the affairs of the church.

The plaintiffs pray that the defendants be cited, the court issue a writ of injunction, enjoining them from interfering or attempting to interfere with religious services, or from interfering or attempting to interfere with Z. B. Dally in performing his duties as preacher and pastor on each Sunday, or from interfering with the plaintiffs as the official board in the possession of the church property and in the management and control of church affairs.

This petition was presented to the district judge on January 4, 1930, and a temporary writ granted, conditioned on plaintiffs giving bond in the sum of $500. The bond was given, the writ issued, and the case set for January 13, 1930.

On said date the defendants answered by numerous exceptions to the effect that plaintiffs' petition failed to state a cause of action, either in law or equity, since, under the allegations, no civil or property rights of the plaintiffs are involved, but the allegations relate only to the internal affairs of an ecclesiastical organization over which the court has no jurisdiction; and because the allegations which attempt to charge that the defendants threatened to disturb religious worship and bring about a condition that might cause a breach of the peace, if true, only charge the defendants with the threatened commission of acts which, if committed, are made penal by the law of the state, and a court of equity will not restrain or enjoin the violation of a penal statute.

The defendants also answered by general denial and specially pleaded:

That the First Christian Church of Slaton, Tex., is an ecclesiastical organization, composed of about seventy members. That the membership in the church is voluntary, and contributions for the support and maintenance of the organization are voluntary. That the defendants are members of said church organization. That it is controlled by what is known as the independent form of church government, the congregation being the supreme authority for the decision of all questions. That title to all the church property is vested in three trustees, who hold title in trust for the organization and have the control and disposition thereof subject to the will of the congregation, expressed in accordance with the rules, conditions, and customs and uses of said church organization. That Theo Schumann, W. B. Knox, and H. T.

424

Newby were the duly elected, qualified, and acting trustees of the church organization.

That the employment of a pastor, the amount of his salary, the duration and termination of his services, are all determined by the congregation. That Z. B. Dally was engaged as pastor in May, 1929, but was employed for no definite or stated period of time, and is subject to removal at any time by the congregation. That these defendants, as members, possess all the rights, privileges, and duties of members, including the right to support or oppose the selection or rejection of any person as pastor and to express their views and vote upon all matters of church polity, government, and discipline. That the defendants have at all times conducted themselves properly and sought only to preserve and observe and enforce the traditions, customs, and usages of the church, and have not sought and do not seek to exercise any right except in the manner conformable to such traditions, usages, and customs. That the plaintiffs are arbitrarily claiming to be the duly qualified deacons and elders, but the defendants deny that plaintiffs hold such offices by any legal election. That the defendants seek the privilege only of exercising their rights as members of said church in conformity with the rules and usages thereof, and have besought the plaintiffs to meet with them for the purpose of attending to the necessary business matters connected with the church. That the plaintiffs refused, and the defendants caused the trustees, as a last resort, to call a meeting of the members at the church on December 31, 1929. That each member was given written notice thereof. That plaintiffs urged members to absent themselves from said meeting and did induce several to stay away. That the meeting was held, attended by a representative membership, was lawful, and the defendants were elected as the board of elders and deacons.

The defendants admit that they and others of the congregation oppose the continuance of Z. B. Dally as pastor and favor his discharge, but they desire only to accomplish such end in accordance with the laws of the church, and have never attempted to employ any unlawful means nor to violate any law nor to trespass upon any civil or property right of the plaintiffs. They respectfully show that Z. B. Dally, in their judgment, is incompetent, intolerant, haughty, unchristianlike, fosters factionalism, possesses an inordinate pride of opinion, and has repeatedly offered gross affronts to the defendants and others of the congregation. That the only serious difference among the members is the question of the propriety of retaining Z. B. Dally as pastor of the church. That a part of the congregation, including the plaintiffs, favor his retention; and another and about equal number of the congregation, including the defendants, oppose his retention as pastor.

That the defendants seek to have such question put to a vote and to abide by the decision of the majority, lawfully expressed in conformity with the rules, usages, and customs of the church. That the plaintiffs opposed such a meeting and such a determination of the question by the congregation, and Z. B. Dally prevailed upon the plaintiffs and others to invoke the intervention of the civil court to entrench him in his position. That no civil or property rights are involved, and that the court has no jurisdiction. That the defendants have never sought or counseled violence, and any insinuation to the contrary is untrue.

With leave of the court, to meet an exception sustained to their petition, plaintiffs filed a trial amendment and alleged that the First Christian Church of Slaton, Tex., is a religious organization; that it has what is known as the independent congregational form of church government; that the congregation is the supreme authority upon all questions of church government, management, and control, and all such questions are decided by a majority vote of the congregation attending a meeting, and from such decision there is no appeal to any other church authority. That the plaintiffs were, on December 15, 1929, elected by a majority of the members as the board of elders and deacons and duly ordained as such on the 22d day of December, 1929, for and during the year 1930. That such board, by the customs of the church, have the right to manage and control the property and the church affairs, and the making of contracts for the church.

On January 16, 1930, the court heard the case on its merits, overruled the defendants' demurrers and exceptions, and ordered and decreed that the defendants be enjoined during the year 1930 from acting as the board of elders and deacons of the church; from taking possession and control of the church property; from attempting to assume the management and control of the affairs and business of the church; from interfering with the plaintiffs as such board of elders and deacons; and from unlawfully interfering with Z. B. Dally in the performance of his duties as pastor under his contract with the church until such contract was terminated or and until and unless, by proper procedure, in compliance with the customs and usages of the church, the plaintiffs shall have been deposed as the board of elders and deacons and the contract of the church with Z. B. Dally as pastor and preacher be terminated in compliance with the rules, regulations, and customs of the church.

It is also further decreed that the defendants and each of them have and shall be permitted to attend religious services at the church, attend and participate in all proper meetings of the church for the transaction of the business thereof, and shall be permitted

to exercise and enjoy all and every right and privilege of any member of such church in accordance with the customs and usages thereof.

The defendants prosecute this appeal from this decree, and assign as error the action of the court in overruling their contentions urged by exceptions to appellees' petition to the effect that it alleged no violation of any property or contract right, but presented only ecclesiastical matters over which the civil courts have no jurisdiction.

The appellees alleged that they were the duly and legally elected board of elders and deacons for the year 1930 and ordained as such. That they are in the possession of the church property, have charge of its business affairs, and have contracted with Z. B. Dally as pastor and preacher of the church for the year 1930. That after they were duly elected, a small minority of the church members held a meeting and attempted to elect the appellants to constitute the board of elders and deacons; that such election was void; and that the appellants had publicly announced that they would attend the church services, oust the appellees from the management and control of the business affairs of the church and from conducting religious services therein, and not permit Z. B. Dally to preach in said church. That appellees had attempted to dissuade the appellants from such purpose, but had failed, and if the defendants undertook to carry out such purposes at the church, it was calculated to provoke a breach of the peace and disturb religious worship.

 Against the demurrers urged, the allegations of the petition must be considered as true and in our opinion stated sufficient facts to give the court jurisdiction. Woods v. Humber (Tex. Civ. App.) 282 S. W. 834; First Baptist Church of Redland et al. v. Ward et al. (Tex. Civ. App.) 290 S. W. 828; Watson v. Jones, 13 Wall. 679, 20 L. Ed. 666; Bouldin v. Alexander, 15 Wall. 131, 21 L. Ed. 69.

The appellants challenged as error the action of the court in rendering judgment against them because it was without sufficient evidence to support it.

The record shows without controversy that the supreme authority of the First Christian Church of Slaton is lodged in the members of the church; that the custom is to elect officers for the ensuing year in December; that at any set or regular meeting, any business may be taken up and be determined by the congregation; that the matters of the church generally come before the board of elders and deacons first and are then referred to the congregation for ratification; that the church as a whole has control of its property, but it must act through the board of elders and deacons; that the trustees do not have control of the church property and only hold title in trust for the members, and convey on the authority of the board of elders and deacons, ratified by the congregation; that the authority for calling a special meeting of the members of the church is vested in the board of elders and deacons; that the decision of the majority of the members of the church, properly ascertained at a regular or properly called meeting, is decisive, from which there is no appeal; that the selection of a pastor by the church is for an indefinite period; that he has the right to resign at any time, and the congregation has the right, at a proper meeting, by a vote of the majority, to discharge him at any time; that in the event either the pastor or the congregation desires to terminate the services of the pastor, it is customary to give reasonable notice thereof.

That on the 15th of December, 1929, the appellees, at a regular meeting of the church, were elected to be and constitute the board of elders and deacons for the year 1930. That in the week of December 22d, they were ordained as such board, after which time they, as such officers, took charge of the church and the business thereof and had possession and control of the property. That thereafter, on December 31, 1929, at a meeting called by the trustees, attended by a part of the members, the appellants were elected to constitute the board of elders and deacons. That after such meeting the appellants advised appellees that such meeting had been held and officers elected for the church and that such new officers intended to go to the church on the following Sunday and enforce their rights as officers and have the preacher resign. That appellants also advised the appellees that they did not know what was going to happen, but that appellants were going to do something with the pastor in some way.

It is conceded by appellants that the church membership consists of about seventy members; that at the meeting on December 31st about twenty-seven members were present; that at such meeting they were elected as elders and deacons; that they were opposed to Z. B. Dally as pastor and desired to terminate the contract with him.

The record reveals that Z. B. Dally was called or designated as pastor of the congregation in the spring of 1929 and the contract with him regularly ratified and approved by the members, since which time he has been acting as pastor of the church, and that he has not resigned, nor has the congregation called for his resignation.

According to the undisputed record, the appellees were the regularly and properly elected elders and deacons of the church for the year 1930 and had and were entitled to the management of the church affairs and the control and possession of the church property for that year, unless sooner deposed

according to the established rules and customs of the church; and Z. B. Dally had been regularly and properly selected and called as pastor and preacher in the spring of 1929 by the church, that he had accepted the call, commenced and still continues to act as pastor and preacher; that the contract thus made between him and the church had not been terminated by either party, and hence was and is a valid contract until terminated either by the pastor's resignation or until ended by a majority vote of the members of the church at a regular or properly called meeting thereof.

██ "The rules of the church or denomination control in the appointment or election of a trustee or other officer of a religious society, * * * and a compliance therewith clothes the person so appointed or elected with title to the office. * * * Officers cannot be lawfully appointed or elected by a minority or by individual members not acting as a church or society." 34 Cyc. 1131.

█ Where rules and regulations are made by the church functionaries or by long and established custom and usage, they will be enforced by civil courts if not in conflict with some civil law bearing upon the subject of such rules and regulations. Alexander et al. v. Bowers et al. (Tex. Civ. App.) 79 S. W. 342.

█ The appellants challenge as erroneous the judgment of the trial court, because its provisions are indefinite, confusing, and uncertain.

The judgment enjoins the appellants, during the year 1930, from acting as the board of elders and deacons, taking possession and control of the church property or attempting to assume the management and control of the affairs and business of the church, and from interfering with the appellants as such board and from unlawfully interfering with Z. B. Dally in the discharge of his duty as pastor under his contract with the church, until such contract is terminated by proper procedure and until the plaintiffs shall have been deposed as the board, under proper procedure in compliance with the rules, regulations, and customs of the church.

The appellants state in their pleading that they have at all times properly conducted themselves and sought only to preserve and observe the traditions, customs, and usages of the church, and have not sought and do not seek to exercise any right except in a manner conformable to such provisions, usages, and customs. The court protects the appellants in such rights in decreeing that they and each of them shall be permitted to attend religious services and participate in the proper meetings of the church for the transaction of business and be permitted to exercise and enjoy all and every right and privilege of any member of the church, provided such privileges and rights are exercised in accordance with the customs, rules, and usages of the church. The judgment in our opinion is sufficiently definite and certain and preserves to appellants all the rights they claim or to which they are entitled, according to the laws of the church as revealed by this record.

The judgment is affirmed.