**Walter L. JONES, Appellant,**

v.

**Brunner JOHNSON et al., Trustees, Appellees.**

**No. 16277.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 5, 1962.

Rehearing Denied Feb. 2, 1962.

W. J. Durham, Dallas, for appellant.

Flowers & Flowers, and John Flowers, Fort Worth, for appellees.

RENFRO, Justice.

The appellant Jones appealed from a judgment which enjoined him from interfering with appellee Smith in the discharge of Smith's duties as pastor of the Lake Como Church of God in Christ and from interfering with the appellee trustees in the discharge of their duties as trustees of said church.

The appellant contends the question of who is pastor of the church is an ecclesiastical question over which the court has no jurisdiction.

The trial court filed seven pages of findings of fact in thirty-eight numbered paragraphs. The findings cover the controversy from its inception in the local church through the meeting of the General Assembly of the Church of God in Christ held in Memphis, Tennessee in December, 1960. Included in the findings were:

"3. The Church of God in Christ is a non-congregational church and is governed by a body consisting of pastors of the various churches, superintendents of the dis-

tricts, bishops of state, special commissioners, and a General Assembly, that govern and establish the doctrine of the Church.

"4. The official manual of the Church of God in Christ contains the Constitution, Articles of Religion, Rules of Order, and all governing matters of said Church.

"6. The Lake Como Church of God in Christ, of Fort Worth, Tarrant County, Texas, is a part of the Church of God in Christ, and as such, is subject to, and governed by the parent Church and the rules and regulations as set out in their manual, and is not governed by its congregation.

"10. That Bishop F. L. Haynes, as the Bishop of the State of Texas, Northeast of the Church of God in Christ, had the sole and only right to appoint, remove, and transfer pastors of the Church of God in Christ in Texas Northeast, and in particular, the Lake Como Church of God in Christ.

"12. That the Bishop of the State has the exclusive and only right to appoint, transfer, and remove the pastors of the Lake Como Church of God in Christ, and he may do so with, or without cause.

"18. That on February 19, 1960, Bishop F. L. Haynes appointed Elder D. L. Smith as pastor of the Lake Como Church of God in Christ, Fort Worth, Tarrant County, Texas.

"19. On March 16th, Bishop R. E. Ranger appointed Elder Walter L. Jones pastor of the Lake Como Church of God in Christ.

"20. That such appointment by Bishop Ranger of Elder Jones was invalid in that Bishop Ranger had no authority to make such appointment.

"22. That, subsequently, Bishop F. L. Haynes revoked the appointment of Elder Walter L. Jones as pastor of the Lake Como Church of God in Christ.

"24. That on September 13, 1960, Special Commissioners met in Detroit, Michigan, and certified a resolution adopted in said meeting, wherein the Special Commissioners affirmed the appointment of Elder Walter L. Jones.

"25. That, subsequently, Elder D. L. Smith made an appeal from such Commissioners' decision to the General Assembly of the Church of God in Christ, and said meeting of the General Assembly of the Church of God in Christ was held in Memphis, Tennessee, in December, 1960."

The court found that the National Judiciary Committee of the church concluded the appointment of Smith by Bishop Haynes was valid and so reported to the Elder's Council of the General Assembly and such report was adopted by a majority vote of such Council; that until the action of the General Assembly is approved or disapproved by the Special Commissioners it stands as the final action of the Church; that said action has not been disapproved by the Special Commissioners.

■ Where rules and regulations are made by the church functionaries or by long and established custom and usage, they will be enforced by civil courts if not in conflict with some civil law bearing upon the subject of such rules and regulations. Schumann v. Dally, Tex.Civ.App., 29 S.W. 2d 422; Alexander v. Bowers, Tex.Civ. App., 79 S.W. 342.

■ The findings set out above, as well as those omitted herein, are supported by either undisputed or contradictory evidence. The trial court concluded:

"1. That the Church of God in Christ, and the Lake Como Church of God in Christ, as a part of said Church, is a noncongregational Church, and the only authority that this Court has is to uphold the final action that had been taken within such Church and not to interfere with the internal organization of such Church.

**84**

"2. That the last legal action taken by the Church of God in Christ was the affirming of the appointment of Elder D. L. Smith as pastor of the Lake Como Church of God in Christ, Fort Worth, Tarrant County, Texas.

"3. Upholding the last action of the Church of God in Christ, the court concludes as a matter of law that Elder D. L. Smith is the pastor of the Lake Como Church of God in Christ and is entitled to his injunction against the defendant."

We concur in the conclusions reached by the trial court and overrule the point of error.

Appellant's remaining points claim error on the part of the court in failing to make certain findings. Some of the findings requested were found adversely to appellant, and are supported by the record. The others, if found, would not have required the court to render a judgment other than the one rendered.

The judgment is affirmed.