RYDER TRUCK RENTAL, INC., Appellant,

v.

ACE SALES COMPANY, Inc., Appellee.

No. 11093.

Court of Civil Appeals of Texas.

Austin.

May 22, 1963.

Rehearing Denied June 13, 1963.

Eugene Coffey, Nye, Cohn & Morris, Corpus Christi, for appellant.

Fischer, Wood, Burney & Nesbitt, Corpus Christi, for appellee.

HUGHES, Justice.

This suit was by Ryder Truck Rental, Inc., appellant, against Ace Sales Company, Inc., appellee, to recover $2,000.00 alleged to be the balance due appellant on an account incurred by appellee's predecessor, Fred Bading d/b/a Ace Sales Company, it being alleged that appellee had assumed the payment of such account.

Trial was to a jury which resulted in an instructed verdict and judgment for appellee.

The evidence is rather detailed and lengthy, but the essential facts are few and simple.

Fred Bading established the business of operating a beer distributorship, also for the transportation of shrimp, in September, 1956, under the name of Ace Sales Company. At this time Mr. Bading borrowed $15,000.00 from the mother of Hubert A. McNally, Jr., Mrs. McNally died shortly thereafter and her son inherited the note from her. In January, 1959, when there was due $15,000.00 on this note, Mr. Bading, who was still operating the business of Ace Sales Company, desiring to go into other work, proposed to Mr. McNally to take the business over and operate it as his own. Mr. McNally agreed to this and stated that "if there was enough there with new financing, that I had available, that I would cancel his note at a later date."

Mr. McNally testified:

"Q  Are you telling the Court and this Jury that you had no idea what this company was worth when you walked in and took over?

"A  I was faced with an opportunity to where I had a fifteen thousand note and Mr. Bading more or less

told me that he was going to give up the business, and he said if you can take the assets and do something with them, will you consider cancelling, cancelling my note?

"Q Isn't it a fact, Mr. McNally, that he said if you take this company and cancel my note, he would appreciate it, he would appreciate it if you would take it off of his hands?

"A He didn't beg me, though.

"Q That was the idea of you taking the company, was it not?

"A No, not for that reason, but to protect my own interest.

"Q And you did take over Ace Sales Company in January of 1959 and continue to run it as Ace Sales Company, is that correct?

"A That is right.

"Q Now, were you aware of a contract with Ryder Truck Rental when you took over Ace Sales Company?

"A I knew the trucks were rented.

"Q Had you seen that contract?

"A Not at that time, no.

"Q Was it among the records of the the Ace Sales Company?

"A I assume, yes, it was.

"Q Did you have an occasion to refer to that contract?

"A No, no reason whatsoever.

"Q But you did continue to operate the trucks under that contract?

"A I was forced to."

A few months after taking over the business, Mr. McNally cancelled the $15,000.00 note.

The assets of Ace Sales Company at the time Mr. McNally took them over were worth about $2,000.00.

The Ace Sales Company was incorporated under the name of Ace Sales Company, Inc., in June, 1959. The three incorporators were Mr. and Mrs. McNally and Fred Bading, the latter receiving 5 of 500 authorized shares of stock for which he paid nothing and which he transferred to the corporation without consideration.

From January, 1959 on, Mr. Bading owned no interest in and took no part in conducting the business of Ace Sales Company, or Ace Sales Company, Inc.

There is no direct evidence of an agreement, oral or written, that either Mr. McNally or the corporation would assume or pay the outstanding debts of the company, including that owing appellant.

There is evidence that Mr. McNally did pay some of these outstanding debts and that he paid appellant about $1,200.00 on its debt or account incurred by Mr. Bading.

The evidence also is that from the time McNally took over this business that he, or later the corporation, paid all of its current account with appellant, and that neither he nor the corporation were indebted to appellant for any debt incurred by either of them.

There is in evidence a statement of account rendered by appellant February 27, 1960, to Ace Sales Company which is signed by Mr. McNally for the company which states, "The above balance $3,166.41, is correct, all credits which we claim having been previously allowed." Regarding this statement Mr. Jack Hazeltine, an employee of appellant, testified ·

"Q Mr. Hazeltine, you stated that you delivered that presently to Mr. McNally, did you discuss that balance with Mr. McNally?

"A This balance has been in discussion for some length of time and this

had been, there had been a balance that we had both agreed upon, and this was merely putting it in writing and the signature.

"Q And he did sign it, then, in your presence?

"A Yes, sir.

"Q Did he at that time state that he did not owe that money?

"A No.

"Q Did he state that he would pay that money?

"A He would pay it as soon as possible, yes.

"Q Did he give any reason for not having already paid it?

"A No."

A letter from Ace Sales Company, Inc., dated January 18, 1960, signed by Mr. McNally addressed to appellant which recites that "As provided in our agreement dated September 15, 1956," canceled the lease of a White truck tractor. The significance of this letter is that the agreement of September 15, 1956, to which it refers, was between appellant and the company when it was owned and operated by Mr. Bading, and under which the indebtedness sued on was incurred by Mr. Bading for use or rental of the same White truck tractor subsequently rented by Mr. McNally and the corporation.

A check stub is in evidence which shows that a check was issued to appellant on December 24, 1960, for truck rental and it bears the notation "Bal. 2000.00."

On February 10, 1960, appellant wrote Mr. Bading canceling the contract with him of date September 15, 1956.

On February 29, 1960, appellant entered into an agreement with appellee similar to the previous agreement it had with Mr. Bading. This was the first written agreement between these parties.

■ It is our opinion that the purchase of the business by Mr. McNally, the manner of its operation, the payment of some of its debts, including a portion of the account sued on, oral promises by him to pay such account, and his written acknowledgment that such account was just and correct, constitute sufficient evidence to support a fact finding that Mr. McNally assumed such account and such debt became his own at the time he acquired the business of Ace Sales Company, and as a part of the consideration therefor. The Trial Court, therefore, erred in directing a verdict.

■ As to the transfer from McNally to the corporation which he and his wife owned, the law is that when individuals or partners form a corporation which takes over all the assets of the individuals or partners, the corporation assumes the liabilities of the partners or individuals, as a matter of law. Baca v. Weldon, 230 S.W. 2d 552, San Antonio Civil Appeals, writ ref., n. r. e., and many authorities therein cited.

The reason for this rule is that, under such circumstances, there is an implied assumption of the debts or that the business is the same and is merely being conducted under a new guise. English Freight Co. v. Knox, 180 S.W.2d 633, Austin Civil Appeals, writ ref., w. o. m., quoting from 18 C.J.S. Corporations § 121.

No business, corporate or not, can long survive or prosper if it does not pay or arrange or agree to pay its debts. This basic fact of economic life was well understood by Mr. McNally as shown by this excerpt from his testimony:

"Q Mr. McNally, let's go back to January of 1959, when you acquired Ace Sales Company, were there

any liabilities of the company at that time?

"A I am sure there were, but I didn't acquire them.

"Q Did you pay the light bill that was outstanding, did you pay any light bill in January?

"A As I explained before, Mr. Coffey, I had to stay in business, I paid that bill, you know you don't argue with the light company, they turn the lights off."

Creditors, other than utility companies, have remedies for collecting their debts, while perhaps not as speedy as those referred to by the witness, are just as effective.

Rule 268, Texas Rules of Civil Procedure, provides that a motion for directed verdict shall state the specific grounds therefor. The motion as made by appellee did not include as one of the grounds the contention now made by appellee in its brief that appellant's suit is barred by the two year statute of limitations. Art. 5526, Vernon's Ann.Civ.St. Appellant does not brief the force of this contention, probably for the reason that the motion for instructed verdict was not predicated thereon.

■ Since this question may arise upon re-trial, we briefly state our views with respect thereto. It is our opinion that the acknowledgment made by Mr. McNally for the Ace Sales Company to appellant February 2, 1960, duly signed by him, is a sufficient acknowledgment of the justness of the debt sued upon by appellant under Art. 5539, V.A.C.S., provided such acknowledgment is properly pleaded. 37 Tex. Jur.2d, Limitations of Actions, Sec. 178. See generally same text Secs. 157–184. This suit was filed June 1, 1961, less than two years from the date of the "new promise."

The judgment of the Trial Court is reversed and this cause is remanded.

Reversed and remanded.