**R. J. DARRETT, Appellant,**

v.

**CHURCH OF GOD IN CHRIST NO. I, OF SILSBEE, Texas, S. E., Appellee.**

No. 7588.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 18, 1964.

Rehearing Denied Sept. 8, 1964.

R. O. Wyatt, J. Leonard Gotsdiner, Houston, for appellant.

H. A. Coe, Jr., Kountze, for appellee.

CHADICK, Chief Justice.

This is a permanent injunction suit. The judgment of the trial court granting injunctive relief is affirmed.

At the center of the disagreement spawning this litigation is the pastoral office of the Church of God in Christ No. 1 of Silsbee, Texas, and the rights, privileges and emoluments appertaining thereto. At all times pertinent to this litigation it is alleged in the plaintiff's original petition the plaintiff church was an unincorporated religious association "affiliated with, belonged to, and operated under, a National Organization known as the 'Church of God in Christ', which National Organization is composed of numerous Churches over the United States of America, and is controlled or supervised by National Officers, and is divided into districts, such as the 'Southeast District of Texas', of which Plaintiff is a member, which District has a District Superintendent, who is S. J. Singleton of Beaumont, Texas, and with a Bishop, who is Rt. Rev. R. E. Ranger of Fort Worth, Texas." Allegation is also made with the import that defendant Darrett, as an individual without right to the pastorship of the church, has held and threatens to continue holding religious services as pastor of the church and in such capacity collected and threatens to continue collecting tithes and offerings and otherwise has interfered with and threatens to continue to interfere with the duly constituted pastor in the administration of the church's affairs, to the church's irreparable injury, etc. Evidence was offered tending to sustain the allegations made.

The nature of appellant Darrett's points of error 29 and 30 suggest their disposition preliminary to discussion of other points.

"29. The court erred in hearing the matter in suit as Appellee is an unincorporated entity and therefore, according to law, it would have no right ·to sue or be sued in its own name and no relief can be granted a non-entity.

"30. The Court erred in permitting the matter to go to trial where the suit was filed by a purported deacon of the church, and no evidence is presented that authority was delegated to him by the governing authorities of the church to bring such action."

■ The language of Rule 28 Vernon's Ann.Texas Rules appears broad enough to clothe an unincorporated religious association, as well as partnerships, individuals doing business under an assumed name and other unincorporated associations, with a procedural right to bring an action in its common name to enforce a substantive right. Mims Bros. v. N. A. James, Inc., Tex.Civ.App., 174 S.W.2d 276, writ of error action reported 141 Tex. 554, 175 S.W.2d 74; Dillard v. Smith, 146 Tex. 227, 205 S.W.2d 366; 44 Tex.Jur.2d Sec. 4, p. 142; Associations and Clubs 6 Tex.Jur.2d Sec. 32 p. 542; and 26 Tex.Law Rev. 812. The plaintiff church, in this instance, alleges an action to protect its tithes and offerings from the hands of a stranger, one of several substantive rights it sues to enforce.

■ A thematic undertone of protestation pervades the argument under these points, and several others, that the civil courts have neither competency nor jurisdiction to decide the true issue between the parties, because the real issue is ecclesiastical in nature. In a somewhat similar case, where this same religious organization was involved, Jones v. Johnson, Ct.Civ.App.1962, 353 S.W.2d 82, ref. n. r. e., this argument was answered adversely to the appellant, to wit:

"Where rules and regulations are made by the church functionaries or by long and established custom and usage, they will be enforced by civil courts if not in conflict with some civil law bearing upon the subject of such rules and regulations. Schumann v. Dally, Tex.Civ.App., 29 S.W.2d 422; Alexander v. Bowers, Tex.Civ.App., 79 S.W. 342."

■ Appellant argues under point number 3 that the trial judge's failure to sustain his motion in limine prohibiting plaintiff's counsel from reading to the jury a temporary restraining order dated January 18, 1963, was so prejudicially erroneous as to require a reversal of the judgment herein. The transcript contains the motion. The motion refers to and requests the trial judge to prohibit the reading of an order dated January 18, 1963. The trial judge's notation on the motion shows it to have been granted in part and refused in part, though the part granted or refused is not specified. The record does not show by bill of exception, or otherwise, that the order was in fact read to the jury. Counsel for the appellee denies that it was, at the same time saying that an order dated September 11, 1962 was read. The September order was not mentioned or dealt with by the motion in limine. Under the circumstances, the record not showing that the order referred to in the motion was actually read to the jury, there is no basis for this court to conclude that harm was done to the appellant's case in the trial court even though it be assumed that the judge erred in not sustaining the motion as made. Rule 434.

The appellant's brief tenders 32 points of error, and each one has been given consideration. Many of the points are concerned with the admission of testimony, some with its sufficiency, while others relate to the charge. A prolongation of this opinion to discuss each point is not warranted. No error requiring reversal of the case is manifest. Accordingly the judgment of the trial court will be affirmed.