Karen COX, Appellant,

v.

**THEE EVERGREEN CHURCH, and Thee Evergreen Congressional Church, Appellees.**

No. 01–90–00204–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 17, 1991.

Rehearing Overruled Feb. 21, 1991.

Timothy R. Cappolino, Houston, for appellant.

Michael C. Neel, Houston, for appellees.

Before EVANS, C.J., and PRICE and HUGHES, JJ.

## OPINION

HUGHES, Justice.

The plaintiff in this case, Karen Cox, appeals from the granting of summary judgment. We affirm.

The underlying facts in this case are not complicated. On November 4, 1986, Cox proceeded to take her son to Thee Evergreen Church day care program. As she entered the educational building, on the church premises, she slipped and fell, resulting in injuries to her back.

By way of her fifth amended original petition, appellant brought suit against Thee Evergreen Church and Thee Evergreen Congressional Church, appellees, collectively hereinafter referred to as the "Church." She alleged that her injury was the direct result of appellees' negligence or gross negligence. She specifically alleged the Church was negligent: 1) in permitting the tile floor in the educational building to become slick from dampness or moisture; 2) in failing to warn her of the dangerous condition caused by the dampness and moisture on the tile floor; and 3) under the doctrine of res ipsa loquitur.

At the time of the occurrence of her mishap, appellant was, and had been for four years immediately preceding her injury, a member of the Church. In addition, she had been sitting on the church administrative board. After Cox's injury, Thee Evergreen Church incorporated on March 19, 1989, and then became known as Thee Evergreen Congregational Church. The Church sought and obtained summary judgment.

Because this is an appeal from a summary judgment procedure, the standard of review is whether the Church, pursuant to Tex.R.Civ.P. rule 166a(c), met its burden of establishing: 1) no issue of material fact existed; and 2) it was entitled to a judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). Conflicts in the evidence are disregarded, the proof that tends to support the position of the party opposing the motion is accepted as true, and all doubts as to the genuine issue of material facts are resolved against the movant. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965); *Ginther v. Taub*, 570 S.W.2d 516, 519 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.).

In the present case, the summary judgment does not state the specific ground on which summary judgment was granted; therefore, the party appealing from the judgment must establish that each of the independent bases alleged in the motion are insufficient to support the judgment. *Tilotta v. Goodall*, 752 S.W.2d 160, 161 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *McCrea v. Cubilla Condominium Corp.*, 685 S.W.2d 755, 757 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). An examination of the motion for summary judgment discloses that the Church assigns but one argument for dismissal of Cox's cause of action against it in its prior unincorporated form and an exclusive and separate argument for dismissal of Cox's cause of action against the Church in its present incorporated form.

Accordingly, the issues that we have been asked to resolve in this case concern whether, as a matter of law, the Church has established: 1) appellant, as a member of Thee Evergreen Church, an unincorporated association, did not have standing to sue for the injuries incurred by her on church property; and 2) Thee Evergreen Congregational Church, as an entity incorporated after the occurrence of appellant's injuries, cannot be held liable for such injuries.

The formation of an unincorporated association is accomplished by the voluntary actions of individuals assembling themselves as a group to accomplish some lawful purpose. 7 Tex.Jur.3d *Associations* § 1 (1980). Our rules of civil procedure permit such associations to sue and be sued in their assumed name. Tex.R.Civ.P. 28 This rule has been construed to permit an unincorporated religious association to bring an action in its common name to enforce a substantial right. *Darrett v. Church of God in Christ*, 381 S.W.2d 720, 722 (Tex. Civ.App.—Texarkana 1964, writ ref'd n.r. e.).

Pursuant to rule 28, members of an unincorporated religious association may be sued or prosecute their claims, as to third parties, under the association's assumed name as a legal entity. Appellant has

asked us to construe rule 28 to give a member of an unincorporated religious association standing to sue the association for the negligence of one of the association's members or agents. Appellant alleges through her fourth, fifth, and sixth points of error that a rule contrary to that which she advocates is against public policy and violates the open courts, due process, and equal protection provisions of the Texas Constitution, as well as the due process and equal protection provisions of the United States Constitution.

Appellant has failed to provide us with authority rendered by either this Court or our supreme court articulating the proposition that the adoption of rule 28 expanded or contracted the substantive rights of members of an unincorporated religious association. Furthermore, we do have a developed body of case law addressing the issue of whether a member of a nonreligious unincorporated association, ie. a labor union, may sue the association.

■ Looking to these cases, we see that the law prohibits a member of an unincorporated association from bringing a cause of action for negligence against the association. *United Ass'n of Journeymen, Etc. v. Borden*, 160 Tex. 203, 207, 328 S.W.2d 739, 741 (1959); *Atkinson v. Thompson*, 311 S.W.2d 250, 254 (Tex.Civ.App.—Houston 1958, writ ref'd n.r.e.). It has been held that members of an unincorporated association are coprincipals, and generally, such an association cannot be held liable to one of its members for the wrongful act of another member or agent of the association. *Atkinson*, 311 S.W.2d at 254. The rationale for this rule is that the injured member and the association are regarded as coprincipals, and the tortfeasor as their common agent. *Id.* Consequently, the wrongful conduct of the agent is imputed to the plaintiff for the purposes of his action against the association. *Borden*, 160 Tex. at 208, 328 S.W.2d at 742; *Atkinson*, 311 S.W.2d at 254.

However, such immunity is not unfettered. Where a wrongful act is committed in the course of an undertaking that is strictly adverse to a plaintiff's interest, it will not be imputed to the plaintiff. *Borden*, 160 Tex. at 208, 328 S.W.2d at 742.

In this case, appellant has alleged that, as a direct result of the negligence or gross negligence of the pastor and employees of the Church, she was injured. In other words, she alleges that the Church, in its operation of the day care center, failed to provide a reasonable standard of care. Based on such allegations, we find any negligence alleged against fellow members and agents of the association are imputed to Cox, thus leaving her in the untenable position of attempting to sue herself.[1] Therefore, we hold the trial court did not err in determining Cox lacked standing to bring suit against the Church because she was a member. Accordingly, appellant's points of error four, five, and six are overruled.

■ Appellant alleged, alternatively, that during the occurrence of the injury, she was an invitee and not an association member. She cites to no authority for such an assertion, but merely alludes to the fact that on the day of her mishap she was taking her son to the church day care center. Without contradictory authority, we hold that Cox's status as member of the Church was unaffected by the reason for her visit to the Church property.

Appellant's points of error one, two, and three assert the trial court erred in granting summary judgment to the Church because outstanding fact issues exist regarding her causes of action, and appellees failed to disprove as a matter of law each allegation arising from her causes of action. Due to our disposition of Cox's cause of action against Thee Evergreen Church, points of error one, two, and three are overruled as alleged against Thee Evergreen Church as an unincorporated association.

However, appellant further contends that we must consider points of error one, two,

---

1. We have not been asked, nor do we rule, on appellant's standing to sue the individuals involved in the operation of the day care center in their individual capacity.

and three as they relate to Thee Evergreen Congregational Church.

Thee Evergreen Congregational Church was incorporated, as a nonprofit corporation, after the date of Cox's injury. Cox argues, therefore, Thee Evergreen Congregational Church is a successor corporation liable for those injuries incurred by her as a result of Thee Evergreen Church's tortious conduct.

Appellant's underlying premise, that Thee Evergreen Congregational Church is a successor corporation, is technically incorrect. This Court has held that a corporation can become a successor corporation to the rights and burdens *of another corporation* through amalgamation, consolidation, or duly authorized legal succession. *International Ass'n of Mach. v. Falstaff Brew. Corp.*, 328 S.W.2d 778, 781 (Tex.Civ.App.—Houston 1959, no writ). Therefore, Thee Evergreen Congregational Church could not have become a successor corporation to the unincorporated association. Regardless, it is true that when a newly form corporation takes over the assets and liabilities of another concern, it can be held directly liable to the creditors of the former organization. *Ryder Truck Rental, Inc. v. Ace Sales Co.* 368 S.W.2d 869, 872 (Tex.Civ.App.—Austin 1963, writ ref'd n.r.e.). As expressed by the *Ryder* court, the newly formed corporation implicitly assumes the debts of the former concern and it is presumed that the business is merely being conducted under another guise. *Id.* Obviously, the reason for such a rule is to prohibit a party from circumventing an obligation through the act of incorporation.

Nevertheless, the *Ryder* case is not relevant to the instant case. To explain, we reiterate our holding that a member of an unincorporated religious association cannot sue the association for the negligence of a fellow member or association employee. Based on our holding, if Thee Evergreen Church was not liable for appellant's injuries as an unincorporated religious association, then liability could not pass to the newly incorporated, nonprofit corporation.

Appellant's points of error one, two and three, are overruled.